# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CLAYTON CRIGER,

    Plaintiff,

v.
                                      CASE NO.:  20-cv-476-RAW

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

## ORDER

    Before the court is Defendant Indemnity Insurance Company of North America's Motion and Supporting Brief for Joinder of Required Party Aurora Financial Group, Inc., c/o Freedom Mortgage (Mortgagee) [Docket No. 43] requesting that the court join Aurora Financial Group Inc. c/o Freedom Mortgage Corporation ("Freedom Mortgage") as a necessary party to this action pursuant to Fed.R.Civ.P. 19(a).

    Defendant claims that the joinder is required as Freedom Mortgage may have in interest in the insurance claim filed by Plaintiff and that such interest is not properly protected if it is not joined.  Freedom Mortgage is Plaintiff's mortgage holder and the recognized loss payee on Plaintiff's homeowner's insurance policy issued by Defendant.  Plaintiff contends that the position of Freedom Mortgage as mortgagee on the policy and its loss payee status protects whatever interest it has.

    Rule 19 requires joinder when the court cannot "accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may…impair or impede the person's ability to

protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a).

Joinder of Freedom Mortgage is not required in this instance as complete relief can be accorded in its absence and Freedom Mortgage's interest is not situated such that disposing of the action in its absence will not jeopardize its interest or leave Defendant exposed to "double, multiple, or otherwise inconsistent obligations."

Plaintiff's insurance coverage recognizes Freedom Mortgage as mortgagee/loss payee thereby providing adequate protection for its interest as it will be included on all payments issued under the dwelling coverage up to the amount of its claim. See *Truesdell v. State Farm Fire and Casualty Company*, 960 F.Supp. 1511, 1518 (N.D. Okla. 1997). Additionally, Defendant has stated that Freedom Mortgage was aware of the fire and was listed as a creditor in Plaintiff's chapter 7 bankruptcy; however, it has filed no separate and distinct claim for policy proceeds.

Further, Freedom Mortgage's status as loss payee eliminates the risk of "double, multiple, or otherwise inconsistent obligations," by way of its being included on payments made under the policy, through settlement or upon a verdict.

Defendant has cited no cases holding that a mortgagee is a necessary party in a breach of contract and bad faith case.

The court finds that the motion of the Defendant must be denied.

**IT IS SO ORDERED** this 4th day of August, 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE